Modified.

24 C.C.P.A.(Patents)

In re GRAF.

Patent Appeal No. 3747.

Court of Customs and Patent Appeals.
Jan. 25, 1937.

John D. Rippey and John H. Cassidy, both of St. Louis, Mo. (Clarence O. McKay, of Washington, D. C., of counsel), for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

This appeal from a decision of the Board of Appeals of the United States Patent Office involves a consideration of the patentability of claim 17 (several claims having been allowed), submitted in applicant's application for a patent relating to a subject-matter which appellant styles "Devices for Compiling Sales and Collection Records." Said claim reads as follows: "17. A device of the character described comprising a supporting enclosure having guiding elements therein, a card mounted in said enclosure and provided with marginal portions engaging said guiding elements and having along its left margin above said guiding elements a designated vertical column of horizontal spaces for the entry of the names of months, and laterally toward the right from said column a series of vertical columns for entry of amounts of monthly purchases, past due balances, entire bal-

ances and cash payments, respectively, whereby all of said entries other than the names of the months, the monthly balances and cash payments are derivable from the entries of the card, the monthly balances and cash payments being the only entries from an external source entered on the card necessary to keep the record complete, and° said columns being arranged side by side and being visible when the card is supported on said guiding elements, and means cooperating with said guiding elements to support said card in approximately vertical position in which said entries are toward the front."

Appellant in her brief describes the invention as follows: "The invention is a device for compiling sales and collection records. Physically, it comprises a supporting enclosure having guiding elements therein, and a card mounted in said enclosure and provided with physical marginal portions engaging said guiding elements, in combination with means co-operating with said guiding elements to support said card in a position in which the entries entered on the card in a novel relationship are toward the front where they may be plainly seen by the user. Each card has on its front a number of vertical columns designated to receive different entries."

The prior art patents relied upon by the examiner are:

Best, 1,065,105, June 17, 1913.

Heald, 1,507,602, September 9, 1924.

Parker, 1,550,838, August 25, 1925.

The rejection on the part of the examiner of the sole claim on appeal is, as we understand it, upon the ground that the structural features of the device disclosed by appellant, and claimed to be inventive, aside from the printed indicia on the card, are not inventively different from those disclosed by the references; that there is no structural co-operation between the matter ruled off and printed on the card or cards and the inclosure in which they are kept and the guiding elements thereof; and that upon the printed cards of the reference Best could be printed the matter shown by the patents to Heald or Parker.

The examiner stated that the following decisions were pertinent: In re Lockert, 65 F.(2d) 159, 20 C.C.P.A.(Patents) 1125; Boggs v. Robertson, 1932 C.D. 29; and In re Russell, 48 F.(2d) 668, 18 C.C.P.A. (Patents) 1184.

The board approved the rejection of the examiner for substantially the same reasons as those given by the examiner and said:

"The single claim on appeal includes the parts referred to above. It recites the different columns printed on the cards. The examiner holds that there is no structural cooperation between the matter printed on the cards and the different parts of the enclosure which hold and guide the cards. We believe that his position is sound as it is evident that it is immaterial what is printed on the cards or whether nothing is printed on the cards as far as the rest of the structure is concerned.

"The examiner has also combined the Heald and Parker patents with the Best patent in rejecting the claim. Best shows a fair equivalent of the support for cards. Clearly no invention is involved to provide side walls in this patent if they be desirable. To print columns on the cards in Best corresponding to the other two patents is clearly not inventive. Whatever is printed on the cards will not modify the structural cooperation of the parts in Best."

We are in agreement with the decision of the Board of Appeals. There is certainly nothing in the structure of the cabinet with movable walls and telescopic guides which are adapted to engage the notches in the bottom edges of the cards, and which is claimed here, that is patentable over the prior art shown. As we understand the contentions of appellant in this court, it is not urged that there is any patentable novelty in such structure per se.

It is contended, however, in substance, by the appellant that when the printed indicia on the cards is considered in connection with the inclosure in which they are contained and the co-operative means with said guiding elements which support said cards in approximately vertical position, there is such co-operation between the various said elements, which are mentioned in the claim, to connote invention over the prior art cited. Appellant relies for supporting authority upon the cases of Cincinnati Traction Co. v. Pope (C.C.A.) 210 F. 443, and Rand, McNally & Co. v. Exchange Scrip-Book Co. (C.C.A.) 187 F. 984. After referring to several cases by this court which held, in substance, that patentable novelty could not rest in printing arrangement alone, appellant states: "However, in the present case, the ap-

pealed claim does *not* rest alone upon the novelty of the printing arrangement on the cards, but the claim additionally includes novel physical structure comprising the guiding elements 15 and 20, the novel card features 65 and 66 engaging and co-operating with the guiding elements 15 and 20, and the support 26 for supporting the cards in upright position. All of the references combined do not disclose these features in this effective co-operative relationship."

By the clause in the claim "and means cooperating with said guiding elements to support said card in approximately vertical position in which said entries are towards the front," the applicant makes reference to what she, in her specification, calls a "finger," which finger is pivotally connected to an arm connected with the side of the cabinet and which arm may be so turned that the finger may be extended downwardly to a position between different cards or groups of cards so as to hold them apart to permit of examination.

We understand the position of the Patent Office to be that there is no co-operation between the particular printed subject-matter of the cards mentioned in the claims and the said finger which holds the cards apart. In other words, the finger would hold the cards apart regardless of what was on them, or if nothing was on them. It is not claimed that the structure of the finger alone is inventive. The cabinet, the printed matter, or the finger, when considered singly, are not urged as constituting patentable invention.

It is difficult to see how invention could be imparted to the subject-matter of the claim by claiming therein the positioning finger, if the finger did nothing in relation to the cards and cabinet of a cooperative nature. The whole alleged combination may be new, but that does not necessarily mean that it is inventive. It is our view that to provide the finger means in appellant's structure does not lend invention to appellant's combination.

The authorities cited by appellant, which include the case of Cincinnati Traction Co. v. Pope, supra, are not in point. See In re Sterling, 70 F.(2d) 910, 21 C.C.P.A.(Patents) 1134.

For the reasons assigned by the board, we think appellant's claim was properly rejected, and the decision of the Board of Appeals is affirmed.

Affirmed.

GRAHAM, Presiding Judge, concurs in the conclusion.